JONES v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. RAILROADS—NEGLIGENCE—TRAVELED PLACE.—EVIDENCE of use of railroad as a walkway is admissible on issue of use of road as a walkway by consent of company, and to show circumstances calling for exercise of care by company.

2. IBID.—IBID.—IBID.—NONSUIT properly refused here because there was evidence tending to show that the roadbed was used by the public as a walkway with the knowledge and acquiescence of the company; that the train was run backward on a dark night at from six to ten miles per hour, without rear end lights, lookout or warning of any kind, and deceased was killed on a trestle then being used by her and others as a walkway.

3. IBID.—TRAVELED PLACE—TRESPASSER—LICENSEE.—A person walking on a railway track in a populous part of a city which people are accustomed to use as a walkway with the knowledge and acquiescence of the company, is not a trespasser but a licensee.

4. CHARGE.—Stating facts as illustration of the law, which are disputed by either party, other than hypothetically, is a charge on the facts.

5. IBID.—NEGLIGENCE is a mixed question of law and fact, and it is error for a Judge to charge the jury that a certain state of facts will constitute or negative negligence.

6. CHARGE—CONTRIBUTORY NEGLIGENCE.—It is error to qualify a correct definition of contributory negligence by adding, "unless the railroad company could have avoided injuring her notwithstanding her negligence."

Before ALDRICH, J., Anderson, October, 1900.    Reversed.

Action for damages for killing Susan V. Jones, by her

administrator, J. L. Jones, against Charleston and Western Carolina Railway Co. From judgment for plaintiff, defendant appeals.

*Messrs. B. F. Whitner* and *S. J. Simpson,* for appellant, cite: *As to contributory negligence:* 56 S. C., 95; 58 S. C., 228; 59 S. C., 311; 51 S. C., 237; 55 S. C., 192; Beach on Con. Neg., secs. 54, 55; Thompson on Neg., p. 1155, *et seq. As to trespassing on track:* 57 S. C., 243; 34 S. C., 292; 58 S. C., 76; 23 S. C., 536; 4 Ency., 909. *As to trespasser or licensee:* 57 S. C., 332; 11 L. R. A., 385; 23 L. R. A., 717; 33 S. C., 136; 34 S. C., 444, 292; 41 S. C., 19. *Charging on the facts:* 47 S. C., 531; 11 Ency. P. & P., 576; 56 S. C., 434; 51 S. C., 461; 58 S. C., 230; 15 S. C., 381; 24 S. C., 591; 47 S. C., 524; 110 U. S., 582. *Instances where Court should decide question of contributory negligence:* Thompson on Trials, sec. 1689; 23 S. C., 289; 46 S. C., 216.

*Messrs. Bonham & Watkins* and *Quattlebaum & Cochran,* contra, cite: *As to licensee:* 4 S. E. R., 242; 5 S. E. R., 577; 14 S. E. R., 328; 59 S. C., 429. *Error in excluding evidence is cured by its reception afterwards:* 60 S. C., 153. *When grounds of objection are not stated, Judge need not rule:* 59 S. C., 243; 58 S. C., 70. *As to trespasser and licensee:* 4 S. E. R., 248; 14 S. E. R., 328; 5 S. E. R., 577; 58 Wis., 577; 52 S. C., 323; 37 N. E. R., 917; 2 Jaggard on Torts, p. 824n. *Gross negligence was left to jury:* 52 S. C., 323; 58 S. C., 70. *Plaintiff not being trespasser, not incumbent on him to prove gross negligence:* 5 S. E. R., 577; 58 Wis., 646; 53 Wis., 626; 58 Ala., 672; 36 Md., 36; 50 Mo., 461; 38 Ill., 480; 60 Mo., 475; 59 S. C., 434. *Where facts are ascertained, question of negligence is one of law:* 9 Rich. L., 94; 16 Ency., 1 ed., 466; 467n; 3 S. E. R., 302. *As to contributory negligence:* 10 Mees. & W., 546; 2 C. B. N. S., 740; 144 U. S., 429; 7 Ency., 2 ed., 385, 386; 4 Ency., 1 ed., 27, 28; L. R. 1 App., 754; 65 Md., 394; 114 N. C., 728; 107 N. C., 686; 81 Mo., 368; 91 Mo., 357; 139

U. S., 551; Jaggard·on Torts, 2 vol., p. 973, 974; 1 Strob. L., 525; 56 S. C., 94; 59 S. C., 323; 60 S. C., 153.

September 23, 1901.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an action for damages for personal injury resulting in the death of plaintiff's intestate, through defendant's alleged negligence in operating its train of cars at Anderson, S. C., and the appeal comes up from a judgment on verdict in favor of the plaintiff.

The first, second and third exceptions relate to the admissibility of certain testimony.   Over the objection of defendant, witnesses were allowed to testify that the railroad track of the defendant company from the depot station to the Orr Cotton Mills, on which plaintiff's intestate was injured, was used by persons without objection on the part of the defendant.   Appellant, in the first exception, alleges that this was error, because the track was not a traveled way where said intestate had a right to be.   Conceding that the evidence was wholly insufficient to establish that the track at the place of the injury was a traveled place, where the public had a legal right to travel, the testimony was admissible for what it was worth on the issue raised in the pleadings, whether persons were accustomed to use the track as a walkway with the consent or acquiescence of the defendant, and for the purpose of showing the circumstances which called for the exercise of care on the part of the defendant.

The second exception was not pressed and need not be noticed.

The third exception assigns error in admitting in evidence an ordinance of the city of Anderson, making it unlawful for any moving engine or train of cars to cross any street of the city at a rate of speed faster than four miles an hour, and making it the duty of the persons in control to ring a bell for at least fifty yards immediately before reaching such crossing, when it appeared that the injury did not occur at a

crossing. There does not appear in the "Case" any basis for this exception. The ordinance was set out in the pleading, and when proof was being offered, defendant's counsel said, "we admit the ordinance as set out in the pleading." It does appear that a motion was attempted to be made to strike out the ordinance from the evidence after the refusal of the motion for nonsuit, and that it was agreed by counsel that this motion should be taken up after the close of the testimony; but we do not find that such motion was ever taken up or ever ruled upon by the Circuit Court.

The fourth exception alleges error in the refusal of the motion for nonsuit, which motion was based on the ground that the evidence showed that the plaintiff's intestate was a trespasser when injured, and there was no evidence 2. of gross or wilful misconduct of the defendant in the management of its train. The general rule undoubtedly is that a railroad company owes no duty to a bald trespasser on its track except not to do him any wanton or wilful injury. *Smalley* v. *Southern Ry. Co.,* 57 S. C., 243, and authorities therein cited. Ordinarily, the mere failure to keep a lookout for adult trespassers that may be on the track is not evidence of negligence to the trespasser, because negligence involves a breach of duty to the injured person, and the railroad company owes no such duty to the adult trespasser. It is the trespasser's duty to look out for himself, and to give the railroad company a clear track by getting out of the way. If, however, the servants of the railroad company should discover a trespasser upon the track and should then fail to use ordinary care under the circumstances to avoid running him down, this would be evidence from which a jury might infer that the injury was the result not of mere inadvertence but of a conscious failure to observe due care or of wantonness or wilfulness. In this case, however, the complaint alleged that the track where the injury occurred "traverses a populous part of the city of Anderson, and is much frequented by people passing to and fro along said railway, which fact was well known to the

defendant and its agents, servants and employees," and
there was some evidence tending to establish such allega-
tions which made it proper to submit the case to the jury.
If such allegations be true, then the circumstances were
such as to call for a higher degree of care to avoid injury
than if plaintiff were a bald trespasser.   Even though the
use of the track by the public as a walkway was not for such
length of time nor of such character as to give a legal right
to so use the track, and even though the evidence fell short
of showing any positive consent of such use by the company,
yet if there was evidence tending to show knowledge of an
acquiescence in such use without protest, such evidence
would tend to show that the railroad company had much
reason to expect the presence of persons upon the track, who
were there not as bald trespassers, but using it with the
knowledge and acquiescence of the company.   Under such
circumstances it would be the duty of the railroad company
to keep a reasonable lookout, or to give warning of the
approach of the train, or generally to observe ordinary care
under the circumstances to avoid injury.   The evidence
tended to show that on December 25th, 1899, the plaintiff's
intestate, with her husband and two children, were passen-
gers on defendant's train from Starr to Anderson.   That
the plaintiff with his family resided at the Orr Cotton Mills,
which is something over a mile south from the station at
Anderson, and situate near the defendant's track.   That
before the train reached the Orr Cotton Mills, the plaintiff
or her husband requested the conductor to put them off at
the mill, but as it was against his orders, the conductor de-
clined to do so.   The train reached the station at Anderson
after dark.   On arrival the plaintiff, with her husband and
two children and two other persons, left the train and started
back down the track to the Orr Cotton Mills.   As stated,
there was evidence tending to show that the track was con-
stantly used by the public with the knowledge of the defend-
ant company.   There was a way by streets from the station
to the cotton mills, but the route down the track was consid-

erably nearer.   The night was dark and cold, and the wind
was blowing hard.   Some ten minutes after arrival the train,
as usual, was being backed down the track towards the Orr
Cotton Mills, for the purpose of shifting, it being customary
in shifting for the train to be backed about six car lengths
beyond a trestle about 330 yards south of West Market
street, near which is the station.   This trestle is fifty-six
yards below Reed street and is twenty-four yards long.
The injury occurred at the south end of this trestle.   James
L. Jones, the husband, testified that at the time of the acci-
dent, his wife was on the trestle, leading her little boy and
holding a gun in the other hand.   That he was holding the
baby in his arms, and while upon the trestle looked around
and saw the train about thirty or forty feet away; that he
called to his wife that the train was coming and to get off
the trestle; that he jumped off the trestle with the baby, and
that the train ran over his wife and killed her, and that the
little boy was found hanging between the ties of the trestle
uninjured, and that the others of the party escaped by jump-
ing off the trestle.   The evidence was that the speed of the
train was from five to six or from eight to ten miles an
hour.   There was also evidence on the part of the plaintiff
to the effect that no bell was rung, no whistle was blown
and no warning given of the approach of the train; that
there was no lookout on the train and there was no rear end
lights on the train.   In view of the foregoing, the case was
properly submitted to the jury.

The fifth exception complains of error in failing and re-
fusing to charge defendant's second request to charge, which
is as follows: "If the jury find from the evidence that the
said Susan V. Jones was injured by the train on the
railroad track other than at a public crossing, or
a crossing which the public was accustomed to use
to cross the track, she was a mere trespasser, and the plain-
tiff would not be entitled to recover in this action, unless the
jury further find from the evidence that the injury was the
result of wanton and wilful misconduct of the defendant in

36—61

the running of its train at the time. Except at crossings, the railroad company has the right to the exclusive use of its track and is entitled to assume that it is clear. It is not bound to anticipate that persons will be upon it or to make provision for the safety of such persons." Responding to this request, the Court said: "Well, defendant has submitted an abstract proposition of law that is in one sense correct, because the right of way, the track of the railroad company, being the property of the railroad company and maintained for its use, it is the property of the railroad company, and it is not bound to anticipate that as a rule a person is to obstruct that track by getting upon that track, and the railroad company has a right to assume that its legal right will be respected by the people, and it is not its duty to anticipate that people will be upon that track." The defendant was not entitled to have the Court charge the request without qualification, for it assumed that the plaintiff was a trespasser, if the injury happened at other than a public crossing, and that, therefore, the defendant was not liable unless the injury was the result of defendant's wanton and wilful misconduct; whereas plaintiff's complaint and evidence in support thereof was directed to show that plaintiff was not such a trespasser, but rather a licensee, using the track with the knowledge and acquiescence of the defendant, and in a populous part of the city of Anderson, where people were accustomed to travel, which circumstance would call for greater care on the part of defendant than in the case of a bald trespasser. In view of what has been said, the sixth exception must also be overruled, since it complains that the Court erred in charging the jury that if they believed from the evidence that the deceased was at the time of the accident walking along the track of the defendant company at a place where the track had been in use by the public as a walkway with the knowledge and acquiescence of the railroad company, then the deceased was not upon the tracks as a trespasser but as a licensee.

The seventh exception complains that the Court erred in

charging the jury plaintiff's fourth request, as follows: " 'A railroad company which runs a train of cars backward along its track on a dark night, through a populous part of the town, and where its said track has been for a long time used by the public with its knowledge and acquiescence as a walking place, is under a duty to use due care and take due precaution to prevent injuries to persons who may be on its said track, either by ringing the bell, or sounding the whistle, or displaying rear end lights, or giving due notice or warning in some other reasonable or proper manner of the approach of the said train.' It is objected that this charge was (1) a charge on the facts, in violation of the Constitution; and (2) that it undertook to instruct the jury what acts a railroad should do under the conditions, in order to exercise due care." It was disputed by the defendant company that the place of the accident was in a populous part of the city of Anderson, where its track had been used by the public with its knowledge and acquiescence. Therefore, to state such fact other than in a hypothetical way as a basis for declaring its legal effect, was an improper reference to the testimony, as it was likely to convey to the mind of the jury that the Court assumed as true what the defendant disputed. *Norris* v. *Clinkscales,* 47 S. C., 523. Furthermore, as shown in *China* v. *Sumter,* 51 S. C., 460, negligence is a mixed question of law and fact, and that while the Court may define negligence, it is for the jury to say whether the facts proved are sufficient to show negligence, hence it is improper for the Court, and especially when the facts are in dispute, to charge the jury that certain facts show negligence. For the same reason it would be improper for the Court to state to the jury that certain facts in evidence would negative negligence.

The tenth and eleventh exceptions relate to the charge as to contributory negligence, and are as follows: "Tenth. Because the presiding Judge refused to charge the jury as requested in the defendant's request, numbered 6, that 'even if the defendant was guilty of negligence

in the backing of its train, and such negligence was a proximate cause of the injury, if the jury also believe that the said Susan V. Jones showed a want of ordinary care in walking down the track that night, under all the circumstances, and such carelessness was a proximate cause of the injury, she was guilty of contributory negligence, and the plaintiff would not be entitled to recover;' and in qualifying this request by adding that: 'If the deceased, Mrs. Jones, was guilty of negligence in acting, as you may find from the testimony that she acted, and if her conduct, her negligence, together with the negligence of the railroad company, contributed to her injury as the proximate cause, then the railroad company would not be responsible, unless the railroad company could have avoided injuring her notwithstanding her negligence'—the error being: (a) That he refused to charge defendant's request as presented, which was a correct proposition of law and applicable to this case. (b) That he thereby gave the jury the law upon contributory negligence incorrectly. (c) That he instructed the jury in effect that the plaintiff could recover against the defendant, if they should find that its want of due care was a proximate cause of the injury—even if plaintiff's intestate was guilty of contributory negligence." "Eleventh. Because the Circuit Judge erred in charging the jury, as requested in plaintiff's ninth request, as follows: 'Contributory negligence is a matter of defense, and must be proved by defendant by a preponderance of the evidence; but unless the contributory negligence was the proximate cause of the accident, and if in spite of such contributory negligence, the accident could have been avoided by the use of ordinary care on the part of the defendant, then plaintiff is still entitled to recover.' This instruction being erroneous for the same reasons as are given in subdivisions *b* and *c* of the tenth exception."

The testimony being undisputed that Mrs. Jones, plaintiff's intestate, was walking down the railroad track at the time of the injury. the defendant was entitled to have the

sixth request to charge above mentioned in the tenth exception submitted to the jury as entirely correct. The remarks by the Court down to the clause, "unless the railroad company could have avoided injuring her notwithstanding her negligence," were not improper nor inconsistent with the request, but the addition of such qualification was erroneous and wholly inconsistent with the well settled principles governing contributory negligence. The same error was made in the charge excepted to in the eleventh exception above, when the Court instructed the jury, "but unless the contributory negligence was the proximate cause of the accident, and if in spite of *such* contributory negligence (that is, negligence which contributed as a proximate cause,) the accident could have been avoided by the use of ordinary care on the part of the defendant, then the plaintiff is still entitled to recover." The charge destroyed the defense of contributory negligence. In *every* case where there is contributory negligence, the defendant could have avoided the injury by ordinary care, for the simple reason that there can be no such thing as contributory negligence unless the defendant be negligent. The error complained of is the same error which was condemned in *Cooper* v. *Ry. Co.,* 56 S. C., 94. The law in this State is settled that contributory negligence as defined in Cooper's case, *supra,* to *any* extent will *always* defeat plaintiff's recovery, unless the injury is wantonly or wilfully inflicted; for the law cannot measure how much of the injury is due to the plaintiff's own fault, and will not recompense one for injury resulting to himself from his own misconduct. The objection to the charge is that it instructed the jury that although plaintiff's negligence contributed to her injury as a proximate cause, she could recover if the defendant by ordinary care could have avoided the injury. Is it not manifest that such a rule would abolish contributory negligence as a defense? The qualifying terms, "unless the railroad company could have avoided injuring her notwithstanding her negligence," would necessarily mislead a jury; for they would at once

say the railroad company could have avoided the injury by not being negligent in the manner alleged in the complaint, by having suitable rear end lights, by a reasonable lookout, by loud warning of the train's approach, by running at such slow speed as to enable any one warned to get off the track, and then utterly ignore the defendant's plea and evidence of contributory negligence, because of the instruction that plaintiff, notwithstanding her negligence which proximately caused her injury, could still recover, if the defendant could have avoided the injury. The jury ought to have been instructed without qualification, that if plaintiff was negligent and that negligence contributed as a proximate cause to her injury, she could not recover, unless the injury was wantonly or wilfully inflicted.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.