7945

CRAIG v. AUGUSTA-AIKEN RAILWAY COMPANY.

1. CARRIER—LOOKOUT.—It is the duty of the carrier to keep a lookout for pedestrians and persons on its tracks at a highway crossing.

2. ATTORNEYS.—It is not error to refuse to permit counsel to read an order granting a new trial in this case and commenting thereon or to permit him to comment on the failure of defendant's attorney to put in evidence the testimony of a witness examined at a former trial,

11—89

which it had been agreed ·he could introduce, unless there is shown ·, prejudicial error.

Before Sease, J., Aiken, Spring term, 1910.    Reversed.

Action by M. C. Craig against Augusta-Aiken Railway and Electric Company. The plaintiff appeals on the following exceptions:

I. "Because his Honor, the presiding Judge, erred in modifying and altering the plaintiff's fifth request to charge, which is as follows: '5th. That if the motorman discovers, or by reasonable lookout could have seen a person on the track at a public crossing in an apparently helpless condition, from drunkenness or other cause, or if he sees on the track an object, or could have seen it by keeping a reasonable lookout, which from all appearances may be a human being lying in an apparently dangerous position, unable to avoid danger, it is his duty to resolve all doubt in favor of the preservation of life, and immediately to use every available means, short of imperiling of lives, to stop the car in time to avoid an injury; and if from all the circumstances the motorman should have resolved doubt in favor of life and stopped his car, but negligently failed to do so, then the company would be liable in damages, even though the motorman might have thought that the object on the track was something other than a human being.' His Honor's modification was as follows:

" 'And I put in the words, "Knew he was there." In addition to that, I also charge you, and modify that request by charging you, "That if the motorman on this particular car knew that this man was there in a helpless condition, then he owed him due care." ' It is respectfully submitted that his Honor erred in making the modification herein.

: 1. "Because the request was a sound proposition of law, and should have been charged as it stood.

2. "Because he erred in charging that the duty of the motorman to exercise ordinary care depended on the fact whether he knew such person was on the track in a helpless condition; whereas, he should have charged them that it is the duty of the motorman in charge of the train, on approaching a public crossing where people are likely to travel, to exercise ordinary care in keeping a lookout ahead for persons on the track at said crossing in a helpless condition; and if he could have seen such person by reasonable care, but failed to do so, they would be just as liable in damages as though the person had in fact been seen.

II. "Because his Honor, the presiding Judge, erred in modifying plaintiff's sixth request to charge, which is as follows: '6th. Failure of a motorman operating a car to perform his duty, in keeping a reasonable lookout ahead on its track in front of its car at a public crossing, renders the company liable for injuring a human being lying on the track in an apparently helpless condition from drunkenness or other cause. The fact that the motorman did not see him in time to stop his car is no excuse, for the company would still be liable in damages if he, by keeping a reasonable lookout ahead, could have discovered him in time to have stopped the car and avoided the injury.'

"His Honor modified the same as follows: 'I charge you that, also modifying that by saying if the motorman of this particular car knew that he was there in a helpless condition, it was his duty to keep a lookout for him.' There is error in said modification for the following reasons:

1. "Said request stated a sound proposition of law. and should have been charged as it stood.

2. "It was error to instruct the jury that the motorman was bound to keep a lookout for a person at a public crossing only on condition that he knew that he was there; whereas, the law is that the motorman on approaching a public crossing, or traveled place, is bound to exercise ordinary care in keeping a reasonable lookout ahead for help-

less beings on the track, and this duty he must perform whether he knew the person was there or not; and if he could have seen such person by ordinary care, but failed to do so, then the company would still be liable for any injury sustained as the proximate cause of such negligence.

III. "Because his Honor modified the plaintiff's seventh request, which is as follows: '7th. That if the jury believe from the evidence that the plaintiff was put off the defendant's car by its agents and servants, and left in a dangerous position in the nighttime, where it might reasonably be supposed injury would result, while in such a condition from drunkenness or other cause that he was unable to appreciate danger, or to avoid it, and such servants knew, or ought to have known, of his condition from all the circumstances, then the defendant company could not successfully plead contributory negligence on the part of such person.' His Honor modified the same by leaving off this clause, 'even if he was lying on the track in a drunken condition.' It is respectfully submitted that the request as it stood, as a whole, was a sound proposition of law, and that plaintiff should have been allowed the benefit thereof, for it is a principle of law that where the dangerous situation of a person is brought about through the wrongful acts of another, the latter cannot charge the former with negligence for what his own wrong has brought about.

IV. "Because his Honor, the presiding Judge. erred in modifying the plaintiff's tenth request to charge, which is as follows: 'The jury is further charged that if they find from the evidence that the defendant knew, or as reasonably prudent men ought to have known from all the circumstances, that the plaintiff was in such a condition as to be unable to take care of himself from any cause, or was likely to become helpless, but, notwithstanding the same, ejected and left him in an apparently dangerous position on its railway track, where it was probable that he might sustain injury from other cars passing along the same, and

if any injury resulted under these circumstances you cannot find that the plaintiff was guilty of contributory negligence for being on the track in such a condition.'

"His Honor modified the same as follows: 'I charge you that with this modification, that if you find from the evidence that the defendant knew that the plaintiff was in such a condition as to be unable to take care of himself from any cause, but, notwithstanding the same, ejected him and left him in an apparently dangerous position on its railway track, where it was probable he might sustain injury from other cars passing along and over said railway track, and injury resulted under these circumstances, you cannot find that the plaintiff was guilty of contributory negligence by being on the track in such a condition. I charge you that in addition to the charge that if the motorman on this car knew that this man was, or would be, in a helpless condition, then he owed him due care, and not only due care, but he owed him the duty, of course, not to wilfully injure him.'

"His Honor erred in modifying the same for the following reasons:

1. "That said request was a sound proposition of law, and should have been charged as it stood.

2. "That said modification deprived the plaintiff of one phase of the law, namely, that if the defendant, as reasonably prudent men, ought to have known from all the circumstances that the plaintiff was unable to take care of himself, or was likely to become so, then they would be liable for wrongfully ejecting him in a dangerous place under these circumstances; whereas, his Honor's modification made the duty of the company depend on actual knowledge—that is, the defendant must have known that the plaintiff was in such a condition.

V. "Because his Honor violated section 26, article V, of the Constitution of 1895, by charging on the facts when he submitted defendant's second request to charge, which is as follows: '2d. The jury is further charged that if you find

that the plaintiff's injury was not the proximate result of any negligence or fault on the part of the defendant's agents or servants, but was the proximate result of his own carelessness and negligence in going upon the track of the defendant and lying down thereon in an intoxicated condition, or otherwise, then your verdict should be for the defendant.' For it is submitted that he intimated his opinion to the jury that the plaintiff had done certain acts and could not recover if the injury was 'the proximate result of his own carelessness and negligence in going upon defendant's track and lying down thereon in an intoxicated condition, or otherwise;' for it is submitted that he should not have stated the fact that the plaintiff went upon the defendant's track and layed down thereon in an intoxicated condition, or otherwise.

VI. "Because his Honor, the presiding Judge, erred in not modifying the defendant's fifth request to charge, which is as follows: 'The jury is further charged that if you find that the plaintiff was a trespasser, down drunk or asleep upon defendant's track, then the defendant owed him no duty except not to wilfully injure him; so I charge you, that if the plaintiff was a trespasser on the defendant's track, and the motorman did all he could to avoid injuring him after he discovered him, then the plaintiff cannot recover.' For it is respectfully submitted that as hypothetical facts, fitting the true facts in the case, were used in this request, it is the duty of the Court to explain to the jury what a trespasser in law was, and his failure to explain the same could not but help mislead the jury; and he should have also advised the jury of the different duties that the motorman is bound to exercise when approaching a person in a helpless condition at a crossing as distinguished from a person drunk or asleep on the track at some other place than a crossing.

VII. "Because his Honor, the presiding Judge, erred in charging the defendant's eighth request, which is as fol-

lows: 'While a traveler on a public highway that crosses a railway track has the right to be at and upon such crossing for the purpose of passing over the same in the due course of travel, if in the exercise of that care and diligence required by law at such places, he has no right to make a camping ground or bed of such crossing and to rest or to go to sleep thereon. A person undertaking to so use the highway, at the point where the railway track crosses it, would be as much a trespasser, relatively to the railroad company, as though he were camping or sleeping upon the track at a place other than the crossing, and relatively to such trespasser upon the track of a railway company, even though it be at a public crossing; there is no duty on the part of the trainmen to take special precaution to avoid injuring such trespasser upon its track until the presence of the trespasser becomes known. It is not enough that the trespasser might have been seen by the engineer, or motorman, in time to have avoided injuring him, but it must be made to appear that he was seen.' His Honor modified this, but in such manner as not to change the effect of the request, which is as follows:

" 'I charge you that, and that is the law, of course, modified by the charge that I have already made as to special notice. If this motorman had special notice, as alleged in the complaint, that this man was on the track, it was his duty to keep a lookout and avoid injuring him, if by the use of ordinary care and prudence he could have avoided injuring him.' It is respectfully submitted that said request and the modifications thereto are both erroneous.

VIII. "Because his Honor violated section 26, article V, of the Constitution of 1895 of South Carolina, by inferring for the jury what facts would practically amount to negligence as would bar the plaintiff's recovery when he instructed them in this language: 'He has no right to make a camping ground or bed of such crossing and to rest or go to sleep thereon. A person undertaking to so use the high-

way, at the point where the railroad track crosses it, would be as much a trespasser, relatively to the railroad company, as though he were camping or sleeping on the track at a place other than the crossing.' For it is submitted that the law required his Honor to charge what duties the railroad owes to helpless people at a public crossing, or other place along its track, and if he infers that certain acts or conduct on the part of a person at a public crossing constitutes a trespass, he has drawn an inference for the jury in violation of the law.

Secondly. "It was error to instruct the jury 'that a person undertaking to so use the highway, at the point where the railroad track crosses it, would be as much a trespasser, relatively to the railroad company, as though he were camping or sleeping on the track at a place other than the crossing.' For it is respectfully submitted that it is the duty of a carrier to exercise ordinary care in approaching a public crossing so as to avoid injuring persons in an apparently helpless condition on said railway crossing, while the law charged by his Honor should have been applicable only to a trespasser at some other place on the track than a crossing or traveled place.

IX. "Because his Honor, the presiding Judge, erred in charging the defendant's ninth request, which is as follows: '9th. If you believe that after being lawfully ejected from the car plaintiff was removed, or himself walked to a safe distance from the track, and the car moved on with its passengers, and the plaintiff subsequently came back upon the track at that place, or some other place, and lay upon the same in an insensible state of intoxication, whether on or off a public crossing, I charge you, as matter of law, he was a trespasser, and as such the defendant owed him the duty alone not to wilfully or wantonly injure him.' For it is respectfully submitted that his Honor violated section 26, article V, of the Constitution of 1895, prohibiting Judges

from charging on the facts, for the reason that he thereby drew a conclusion for the jury as to what a trespasser is when he told them, as matter of law, what would constitute a trespasser; whereas, he should have defined a trespasser and leave it to the jury to say, from the facts and circumstances, whether such person was a trespasser.

Secondly. "Because his Honor erred in stating the degree of care that a carrier owes to a person lying down insensible on its track at a public crossing. He should have advised them that the carrier, under these circumstances, is bound to exercise ordinary care in approaching the public crossing so as to avoid injuring a person in a helpless condition thereon, and it would owe this duty whether it knew the party was there or not.

X. "Because his Honor, the presiding Judge, erred in refusing to allow counsel for the plaintiff, in his argument to the jury, to either read or comment upon the order of Judge Watts, setting aside a verdict at a former trial, for it is submitted that said order was a part of the record in this case, and plaintiff's attorneys had full right to comment upon and explain to the jury any of the records in said case under proper instructions from the Court as to their weight.

XI. "Because his Honor, the presiding Judge, erred and committed an abuse of discretion in stopping plaintiff's counsel in the midst of his argument to the jury and prohibiting him from making further remarks or comments on the failure of the defendant's attorneys to introduce in evidence the testimony of one of their witnesses, Conductor Grimes, taken at the previous trial, and which the plaintiff's counsel had offered to allow in evidence under the rules applicable to the same. For it is submitted that plaintiff's counsel, so long as he does not abuse or use improper language, had full right to comment upon the withholding of any testimony from the jury by the opposite side."

*Messrs. Croft & Croft,* for appellant, cite: *One on a public crossing is not a trespasser:* 70 S. C. 183; 61 S. C. 556; 33 Cyc. 457; Thomp. on Neg., secs. 1691, 1489. *One helpless on the track:* 57 S. C. 254; Thomp. on Neg., sec. 1464. *Lookout:* Thomp. on Neg., secs. 3245-7. *What makes negligence is for jury:* 51 S. C. 453; 47 S. C. 488. *Care due an intoxicated man:* Wood on R. R. 1457; 41 S. C. 19; Thomp. on Neg., secs. 1464, 1489, 1491, 1509, 1691.

*Messrs. Boykin, Wright, Geo. T. Jackson* and *J. B. Salley,* contra, cite: *Duty to trespasser:* 23 S. C. 531; 57 S. C. 243; 63 S. C. 46; 43 S. E. R. 19. *One lingering on a crossing is a trespasser:* 9 So. 459; 13 So. 75; 28 So. 45; *and is only entitled to care due a trespasser:* 2 Thomp. on Neg., secs. 1789-92, 1709; 23 S. C. 531; 57 S. C. 243; 65 S. C. 46; 43 S. E. 19; 38 S. C. 16. *It is contributory negligence to lie on a railway track:* 2 Thomp., secs. 1789, 1792, 1709; 29 S. E. R. 715; 60 Ga. 667; 61 Ga. 114; 78 Ga. 47; 38 S. W. 216; 51 S. W. 1085; 28 Ga. 93; 61 Ga. 667; 11 S. W. 324, 177; 7 S. W. 687; 53 Tex. 410, 207; 61 Tex. 225; 62 Tex. 218; 18 S. W. 664; 36 S. W. 1022. *Stopping counsel from commenting on failure to put up a witness:* 81 S. C. 28; 80 S. C. 564; 65 S. C. 248; 77 S. C. 404; 26 S. C. 118.

July 7, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for actual and punitive damages, alleged to have been sustained by the plaintiff, through the negligence and wantonness of the defendant.

The complaint alleges, that on the 22d of September, 1906, the plaintiff became a passenger on the defendant's car at Augusta, Ga., for the purpose of being carried to Langley, S. C.; that soon after the car had started, the plaintiff became so incapacitated as to be utterly helpless,

and was forcibly ejected and left in a dangerous place by the defendant; that the defendant warned its servants to look out for the plaintiff, while operating its other cars over said track, but that they negligently and wantonly failed, to keep a proper lookout for the plaintiff, in consequence of which, one of its cars ran over his arm, thereby rendering amputation necessary.

The defendant denied the allegations of negligence and wantonness, and for a defense alleged:

"That, at the time mentioned in the amended complaint, plaintiff was a passenger on a car of the defendant's railroad in Aiken county, South Carolina, and being guilty of disorderly conduct, and, drawing a knife and therewith threatening the agents of defendant, and cursing, to the terror, annoyance and vexation of a large number of other passengers on said car, the conductor of said car stopped his train, where such offense was committed, and ejected said plaintiff from said car, using only such force as was necessary to accomplish such removal."

The defendant also set up the defense of contributory negligence.

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon exceptions, which will be reported.

The first question that will be considered, is, whether there was error, on the part of his Honor, the presiding Judge, in charging the jury, that if the plaintiff was injured at a highway crossing, while in a helpless condition of intoxication, the defendant was not bound to keep a lookout, and owed him no duty (except not to injure him wilfully or wantonly), unless it knew that he was in a helpless condition.

In the case of *Jones* v. *R. R.*, 61 S. C. 556, 39 S. E. 758, the Court stated the principle as follows:

"Even though the use of the track by the public as a walkway, was not for such length of time, nor of such char-

acter, as to give a legal right to so use the track, and even though the evidence, fell short of showing any positive consent of such use, by the company, yet if there was evidence tending to show knowledge of, and acquiescence in such use, without protest, such evidence would tend to show, that the railroad company had much reason to expect the presence of persons on the track, who were there not as bald trespassers, but using it with the knowledge and acquiescence of the (railroad) company. Under such circumstances, it would be the duty of the railroad company, to keep a reasonable lookout, or to give warning of the approach of the train, or generally to observe ordinary care, under the circumstances, to avoid injury."

This language was quoted with approval in the case of *Sentell* v. *Ry.*, 70 S. C. 183, 49 S. E. 215, in which the Court held, that "where a person is sitting on the end of a crosstie, with his head in his hands, and his feet in a path along the track, which pedestrians had been using as a walkway for more than twenty years, without objection of the railway company, at a point on the track, at which he could have been seen by the engineer, for some distance before reaching him, it is proper to refuse a nonsuit, and to submit to the jury, the questions of the relation of the deceased to the company, and whether there was negligence on part of engineer in striking him with his engine, and whether it was duty of engineer to keep a lookout." (Syllabus.)

If, as is alleged, the plaintiff in the present case, was on the highway crossing, at the time of the injury, then there was even a greater necessity for the defendant, to keep a proper lookout, than in the cases just mentioned.

The exceptions raising this question are sustained

Exceptions X and XI cannot be sustained, as it has not been made to appear, that there was an abuse of discretion, on the part of the presiding Judge.

These conclusions practically dispose of all the questions involved.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court, for a new trial.