## 9480

### WEBB v. ATLANTIC COAST LINE R. CO.

#### (89 S. E. 546.)

1. RAILROADS—INJURIES TO LICENSEES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.—Evidence *held* to sustain a verdict that defendant railway company was negligent in running down plaintiff's intestate, who was sitting or lying near the track, but was sufficiently in a traveled path to make him a licensee.

2. RAILROADS—INJURIES TO LICENSEES—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.—Plaintiff's intestate was not guilty of contributory negligence as a matter of law, although he was addicted to drink, which made him drowsy, and had taken several drinks that day.

Before WILSON, J., Columbia, April, 1915.   Affirmed.

Action by Sallie A. Webb, administratrix of the estate of Hiram C. Webb, against the Atlantic Coast Line Railroad

Company.  Judgment for plaintiff, and defendant appeals.

*Messrs. P. A. Willcox, L. W. McLemore* and *Barron, McKay, Frierson & Moffatt,* for appellant, submit: *Plaintiff's case depends upon one witness, who told irreconcilable stories, and whose testimony was inherently impossible:* 56 N. Y. S. 223; 38 App. Div. 620; 54 Atl. 747; 49 S. E. 722; 102 Fed. 379.  *There was no evidence of wilfulness on part of defendant:* 101 S. C. 395.  *Plaintiff was as matter of law guilty of contributory negligence:* 141 S. W. 77; 38 S. E. 518; 9 S. E. 595; 36 L. R. A. 213; 39 Mich. 537; 88 S. W. 608; 99 N. W. 813; 16 S. E. 4; 21 Atl. 1012; 18 S. W. 663; 8 S. E. 251; 23 L. R. A. 203; 131 Fed. 837 (C. C. A.); 82 Am. St. Rep. 241; 83 Fed. 124.  *Plaintiff's intestate was a trespasser on the railroad track:* 82 Am. St. Rep. 241; 23 L. R. A. 715; 59 S. W. 507.  *The finding of actual damages only exclude inference that the injury was wilfully inflicted:* 77 S. C. 63; 85 S. C. 463.

*Mr. W. Hampton Cobb,* for respondent.

July 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Hiram C. Webb, plaintiff's intestate, a carpenter about 60 years of age, was struck and killed by a locomotive engine drawing a freight train, while he was on defendant's track at a place where, according to the undisputed evidence, he was a licensee.  He was in a well-beaten path along the railroad which had been used by the public with the knowledge and acquiescence of defendant for many years.  Therefore defendant owed him the duty of exercising ordinary care to prevent his injury.

The testimony was conflicting as to whether Webb was sitting on the end of a crosstie, or lying down, with his head between the crossties, and his body at right angles to the

track, when he was first seen by the engineer. According to one of plaintiff's witnesses, he was sitting on the end of a tie, with his head bent forward in his hands, and was in that position when the engine, running about 20 miles an hour, was from 200 to 300 yards from him. If that was so, there is no room to doubt that he could have been seen in ample time to stop the train and prevent his injury. If, on the other hand, he was lying down with his head between the crossties, as the engineer testified, it is doubtful whether he could have been recognized as a man in a helpless condition in time to prevent his injury.

The engineer testified that the section hands were working the track, taking out old ties and putting in new ones, and that some of the old ties were pulled out and left with one end very near to the track; that he saw the body of the man, about 300 yards ahead, in ample time to stop before striking him, and would have done so if he had not mistaken his body for a crosstie; that he did not discover that it was the body of a man until he was within 100 yards, or probably less, maybe 150 or 200 feet, from him, and, when he did discover the fact, he made every effort to prevent injury to him, by giving signals of alarm and trying to stop the train; but it was too late to stop, and Webb raised his head just as the engine was near enough for the projecting step of the pilot to strike him. If that was true, there was no negligence.

Whether the testimony of plaintiff's witness or that of the engineer was true was clearly a question for the jury. We do not agree with appellant that the testimony of plaintiff's witness was so contradictory as to be self-destructive, as matter of law. There were some apparent contradictions and inconsistencies in his testimony, but most, if not all, of them may be explained consistently with the truth of the main facts to which he testified. There was no error, therefore, in sending the issues to the jury.

Webb was addicted to drink, and, when in liquor, he became drowsy. He had taken several drinks that day. Notwithstanding these facts the Court could not have held, as matter of law, that he was guilty of such contributory negligence as to bar recovery. His condition and situation at the time may have been due to a sudden illness and not to the effects of liquor. That issue, too, was properly submitted to the jury. *Sentell* v. *Railway,* 70 S. C. 183, 49 S. E. 215; *Craig* v. *Railway,* 89 S. C. 161, 71 S. E. 983; also *Id.,* 93 S. C. 49, 76 S. E. 21; *Kirkland* v. *Railway,* 97 S. C. 61, 81 S. E. 306.

Judgment affirmed.