## 10953

### DAVIS v. PAYNE, DIRECTOR GENERAL
#### (113 S. E. 325)

1. RAILROADS—PEDESTRIAN ON TRACK HELD NEGLIGENT.—Where a pedestrian walking along the left-hand track of a double-track railway met a freight train where the track was in a cut, and, instead of stepping off to the left, as she might safely have done, stepped on to the right-hand track where the cut was high and the bank close to the track, and was struck by train approaching on that track for which she did not even look, she was contributorily negligent as a matter of law.

2. EVIDENCE—TESTIMONY OF WITNESSES NO SIGNALS WERE GIVEN HELD OF NO WEIGHT.—Testimony by witnesses that they did not hear any signals sounded by the train which struck decedent is of no weight where a long freight train was passing with considerable noise on the adjoining track and was itself sounding whistle signals, so that the failure of the witnesses to hear the signals from the other train was no indication they were not sounded.

Before DeVore, J., Pickens, June, 1919. Reversed.

Action by Mrs. James W. Davis as administratrix of the estate of Lucile Davis, deceased, against John Barton Payne, Director General of Railways, etc. From judgment for plaintiff the defendant appeals.

*Messrs. Carey & Carey*, for appellant, cite: *Effect of Government operation*: 113 S. C., 181; 114 S. C., 139; 113 S. C., 236; 114 S. C., 236. *Deceased was a trespasser*: 22 R. C. L., 935; 57 S. C., 243. *To give any right use must have been for long period*: 67 S. C., 499; 114 S. C., 517; 82 S. C., 328. *Relation should be. determined by Federal decisions*: 174 Fed., 597; 229 U. S., 265; 241 U. S., 333: 203 Fed., 685; 196 Fed., 180; 139 U. S., 551. *Contributory negligence*: 58 S. C., 491; 78 S. C., 374; 81 S. C., 196; 88 S. C., 430; 94 S. C., 146; 106 S. C., 373; 93 S. W., 1069; 89 S. C., 502; 34 S. C., 292; 98 S. C., 496. *Signals and speed of train had no bearing*: 82 S. C., 321; 57 S. C., 211; 90 S. C., 42; 81 S. C., 193.

*Messrs. Martin & Henry,* for respondent, cite: *Evidence of acquiescence by rairoad in use of its right of way:* 90 S. C., 335; 86 S. C., 111; 67 S. C., 508; 68 S. C., 457; 61 S. C., 560; 103 S. C., 372; 114 S. C., 523. *Duty to warn:* 65 S. C., 218; 70 S. C., 192; 72 S. C., 394; 106 S. C., 373; 68 S. C., 488; 61 S. C., 560; 70 S. C., 192. *Statute as to signals:* 82 S. C., 327; 90 S. C., 266. *Lookout necessary:* 93 S. C., 25; 97 S. C., 66; 90 S. C., 265; 61 S. C., 560; 68 S. C., 488; 70 S. C., 193; 104 S. C., 110; 95 S. C., 314. *Speed of train:* 90 S. C., 265; 63 S. C., 516; 74 S. C., 135; 90 S. C., 264. *Contributory negligence is for the jury:* 42 S. C., 468; 76 S. C., 63; 103 S. C., 27; 90 S. C., 266; 93 S. C., 25; 82 S. C., 327; 85 S. C., 25; 90 S. C., 418; 101 S. C., 398; 93 S. C., 341; 96 S. C., 276. *Violation of statutory duty negligence per se:* 106 S. C., 129; 91 S. C., 548; 99 S. C., 296.

July 5, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

The undisputed facts of this case leave little room to doubt the result. The plaintiff's intestate, Miss Lucile Davis, Miss Parsons, and a young man named Stilwell went out for a walk Sunday afternoon about 4 o'clock, on 8th September, 1918. They walked on the railroad of the Southern Railway between Beverly and Liberty, on the road between Atlanta and Charlotte. The road was double-tracked. That means that there was a track for trains going south and a track for trains going north. The war was on, and the railroads were under government control and operated by the government. Many regular and special trains were passing over these tracks daily. This little group of young people, about 18 to 20 years old, were walking on the left-hand track when a long freight train came upon them. The tracks were in a cut on the side of a hill. Just beyond the hill the tracks made a sharp

curve. The hill rose almost perpendicularly on the right, at least 12 feet high, and the base of the cut came very near the right-hand track. On the left side there was much more space between the track and the side of the cut, and the top of the cut was much lower. When the freight train came up, the young people had a choice of ways to get out of the way. They could have gone to the left, where there was ample space to stand in the cut in safety, or, if that appeared dangerous, they might have climbed entirely out of the cut. On the right they first came to the other track, and beyond the right track they were hemmed in by the impassable wall of the hill, with a very narrow margin between the track and the hill. If a northbound train should come (as it did come) they would be forced to stand in a narrow lane between two trains moving rapidly in opposite directions, or huddle close to the hill. They took the right-hand side and stood in the middle of the right-hand track. They not only chose the most dangerous side, but the most dangerous place on the most dangerous side. While standing in the place of utmost danger, a fast passenger train turned the curve coming towards them, going in the opposite direction. Miss Davis and Mr. Stilwell were killed. Miss Parsons looked up when the passenger train was about 50 feet away and jumped in time to save her life, but suffered a broken arm. This action was brought for the killing of Miss Davis.

At the close of the testimony the defendant moved for a direction of a verdict in his favor. This motion was refused. It should have been granted. It is too well settled to require the citation of authority that, when there is a safe way and a dangerous way, he who takes the dangerous way cannot recover if injured. Here there was a perfectly safe way, and an extremely dangerous way, and the deceased took the extremely dangerous way. The train on the right-hand track, No. 138, was on schedule

time, running within its time limit. There was nothing to show that the speed of the train was improper or that it could have been stopped in a shorter distance. There was positive testimony that it could not have been.

The plaintiff complains that no signals were given. The plaintiff's testimony on this point fails. The witnessses state that they did not hear any signals. If a deaf man should say that he heard no signals, it would prove nothing. Here the witnesses were not deaf, but a long freight train was passing and making much noise, and blowing its whistle, and the fact that they did not hear or failed to notice signals from other trains amounts to nothing. The testimony shows that Miss Davis and Mr. Stilwell did not even look to see if a train was coming. They had to look only one way, and did not even look that way. The case shows that the deceased is the author of her own wrong and shows no negligence on the part of the defendant. There should have been directed a verdict for the defendant, and the judgment is reversed.

MR. CHIEF JUSTICE GARY dissents.

MR. JUSTICE COTHRAN concurs.

MR. R. E. BABB, ACTING ASSOCIATE JUSTICE (concurring): This is an action for damages on account of the death of plaintiff's intestate, Lucile Davis, deceased, alleged to have been caused by the negligent and reckless acts of the defendant in control of and operating the Atlanta & Charlotte Air Line Railway Company, in the particulars set forth in the complaint.

The defendant, amongst other things, alleged that the death of plaintiff's intestate was the result of her own negligence, and, as another defense, that she was guilty of contributory negligence.

At the close of the testimony defendant moved the Court to direct a verdict in his favor upon the grounds, amongst others, that the injury was the result of the negli-

gence of the deceased as the proximate cause thereof, and that the deceased was guilty of contributory negligence. The motion was refused, the verdict was for the plaintiff, and defendant appeals.

The only reasonable inference which can be drawn from the testimony is that the deceased, Lucile Davis, was guilty of negligence, which contributed as a proximate cause of the injury which was received, and without which it would not have occurred.

The deceased, with companions, was walking along the railway operated by the defendant. This railway is one with double tracks. The bed of the railway in the vicinity where the injury was sustained is ballasted to such an extent that it presents a difficult path to pedestrians attempting to walk between the rails. At the side of the rails beyond the ties is a well-beaten and easy path. Persons walking or standing in this path would not be in a position to be struck by passing trains.

Miss Davis and her companions were standing on one of the tracks, between the rails and on the ballasted portion of the roadbed, watching a freight train pass on the other track. While so engaged she was struck and killed by passing passenger train operating on schedule time. Numbers of trains, both passenger and freight, passed over these tracks daily. The party was warned of the danger of being on these double tracks. The warning, in the light of all the circumstances, was unnecessary. It is neither alleged nor suggested that Miss Davis or her companions were laboring under any physical or mental disabilities. It would then and there have been apparent to any person of ordinary reason, prudence, and caution that the place occupied by these persons was one of extraordinary danger. It also would have been apparent to a person of ordinary reason, prudence, and caution that within a few feet was a place of safety.

Miss Davis was negligent in deliberately choosing a place of danger from which to view a passing freight train, and, having chosen that place, she also was negligent in not exercising her normal faculties in looking for the approach of trains on the track whereon she was standing. Had she exercised ordinary care in either particular, the injury would not have occurred. No other reasonable inference can be drawn from the testimony. I therefore concur in the conclusion of Associate Justice Fraser that a verdict for the defendant should have been directed.

The judgment should be, and is, reversed.

MR. JUSTICE WATTS (dissenting): I cannot concur in the opinion of Mr. Justice Fraser. I do not think that the trial Court should have directed a verdict for the defendant. By doing so he would in effect have overruled the cases of *Jones v. C. & W. C. Railway,* 61 S. C., 556; 39 S. E., 758; Id., 65 S. C., 411; 43 S. E., 884; *Carter v. Southern Railway,* 93 S. C., 329; 75 S. E., 952.

I tried the cases of *Jones v. Railway,* 65 S. C., and *Carter v. Railway* as Circuit Judge. If this Court overrules these decisions, it restores the principles as announced in *Haltiwanger v. Railway,* 64 S. C., 7; 41 S. E., 810.

The Jones case, first tried, was in October, 1900, and has been followed by *Carter v. Railway* and *Sanders v. Railway,* 97 S. C., 424; 81 S. E., 786, tried in May, 1912.

I see no reason why these well-considered cases should be overruled. I think the judgment should be affirmed.