## HOLMES v. WEINHEIMER.

1. MOUNT PLEASANT.—STATE TAXES are a first lien on the property of the taxpayer, and a sale for such taxes gives purchaser a good title as against any taxes then due the town of Mount Pleasant, which under the town charter is not a first lien on the property.
2. JUDGE—JURY—DEEDS—WRITTEN INSTRUMENTS.—It is error to leave it to the jury to say if a deed is in evidence, or to submit to them the construction or import of a deed or written document.
3. CHARGE.—An instruction inapplicable to any facts in a case and tending to mislead the jury is error.

Before TOWNSEND, J., Charleston, March, 1902. Reversed.

Action by Geo. S. Holmes, agent, against W. S. Weinheimer. From judgment for defendant, plaintiff appeals.

*Messrs. Young & Young,* for appellant, cite: *As to validity of tax deeds:* 31 S. C., 553; 2 Bay., 249; 40 S. C., 125; 50 S. C., 459; Black on Tax Titles, 535; 2 Curtis C. C., 439; 15 Ill., 7; 25 Ency., 1 ed., 717; Rev. Stat., 220; 2 Bail., 600; 20 Stat., 1264; Dwarris St., 178; 23 Ency., 1 ed., 297. *Proceedings of Mount Pleasant are void:* 20 St., 126; 19 St., 863; Gen. St., 283; 31 S. C., 567; 45 S. C., 458. *If charter of Mount Pleasant makes its taxes first lien, it is unconstitutional:* Con., art. III., sec. 32; 51 S. C., 5; 59 S. C., 110; 60 S. C., 503; 61 S. C., 211; 62 S. C., 250; 54 S. C., 426.

*Messrs. Bryan & Bryan,* contra, cite: *The charter of Mount Pleasant is not unconstitutional:* Con., art. III., sec. 32; art. VIII., sec. 1. *As to the power of the town of Mount Pleasant to sell the property and the lien of its taxes:* 16 S. C., 53; Con., art. X., sec. 2; art. VIII., sec. 6; 20 Stat., 1263-4; 37 S. C., 400; 3 Pet., 409; 2 Hill, 575.

April 8, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, George S. Holmes, instituted this suit in 1899, to recover of the defendant, W. S. Weinheimer, a lot in the town of Mount Pleasant. The lot was sold by the sheriff of Charleston County 'as the property of William Horry for the collection of the State and county taxes, on January 4th, 1897, and bought by the plaintiff; and he claims under the title made by the sheriff to him. On June 7th, 1897, a lot, which plaintiff alleges is the same lot, was sold by the intendant of Mount Pleasant as the property of W. H. Horry for collection of town taxes, and bought by the defendant, who, it is alleged, holds possession under the intendant's deed. The verdict was for defendant, and plaintiff appeals, assigning a number of erors in the charge to the jury.

The presiding Judge charged the jury, if the sale made by the sheriff to enforce the collection of taxes levied by the State, under which plaintiff acquired title, was regular and legal in all respects, yet plaintiff's title would be defeated by a sale made to defendant by the intendant of Mount Pleasant to enforce a collection of municipal taxes levied on the lot as the property of the same owner. The appeal involves mainly the correctness of this proposition.

The Circuit Judge explained to the jury that this strange result could not be avoided because of the peculiar powers conferred by the charter of the town of Mount Pleasant (20 Stat., 1262). This act of 1891, which amended the charter, after providing that the intendant shall sell property for non-payment of taxes, and put the purchaser in possession, continues as follows: "Sec. 5. The manner and time of seizing, levying, advertising and selling, making conveyance and putting the purchaser or purchasers into possession of the property sold and conveyed under this act, shall, as nearly as may be, conform in all respects to the provisions of section 2 of an act entitled 'An act in relation to forfeited lands, delinquent lands, and collection of taxes,' approved December 24th, A. D. 1887. Sec. 6. The purchaser or purchasers at such sale shall have and enjoy all the

rights, powers and privileges, and the delinquent taxpayer be subject to all the disabilities, requirements and limitations set forth in an act entitled 'An act in relation to forfeited lands, delinquent lands, and collection of taxes,' approved December 24th, A. D. 1887."

The view expressed in the charge was that these provisions of the municipal charter placed the enforcement of the collection of the town taxes on precisely the same footing as the enforcement of the collection of State taxes. The act in which State taxes were made a first lien was passed February 9th, 1882, and the portion of the section under consideration is: "All taxes, assessments and penalties legally assessed, shall be considered and held as a debt payable to the State by a party against whom the same shall be charged; and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed; the lien to attach at the beginning of the fiscal year during which the tax is levied; and such taxes shall be first paid out of the assets of any estates of deceased persons, or held in trust as assignee or trustee, as aforesaid, or proceeds of any property held on execution or attachment; and the county treasurer may enforce the said lien by execution against the said property; or if he cannot levy thereon, he may proceed by action at law against the person holding said property." Gen. St., 170. It will be observed the Mount Pleasant act confers upon the purchaser at the intendant's sale all the rights, powers and privileges set forth in the act of December 24th, 1887 (19 Stat., 862). This is not the act which confers a first lien for State taxes, and it is, therefore, quite obvious the charter did not directly make the municipal taxes of Mount Pleasant a lien on the property taxed. It is hardly necessary to say that a municipal tax is not a lien on the property upon which it is levied, unless made so by direct legislative enactment, or by action of the municipal corporation in pursuance of express legislative authority. *Heine* v. *Levee Comrs.*, 19 Wallace, 655. In the absence of any express provision of law that the town of Mount Pleasant

shall have a lien like that of the State for its taxes, the charge
to the jury could be sustained only on the ground that
the lien for taxes is implied in the general "rights, powers
and privileges" conferred on purchasers at sales made by
the intendant.   The law in express terms makes the claim of
the State for taxes a first lien, and the Court would not, un-
less compelled by enactment capable of no other reasonable
interpretation, impute to the General Assembly the inconsist-
ency of attempting to make a municipal tax also a first lien.
Certainly, it cannot by implication be held the statute
amending the charter of Mount Pleasant must be so con-
strued.   To hold a municipal corporation has received by
implication a power enabling it to defeat or interfere with
the established policy adopted by the State for the collection
of its own taxes, would be in the face of the plainest rules of
construction.   *Mauldin* v. *City Council,* 33 S. C., 23, 11 S.
E., 434; 2 Dillon on Municipal Corporations, sec. 763.   It is
useless to consider in detail the rights the sale made by the
intendant of Mount Pleasant confers on the purchaser by
virtue of the charter and the act of December 24th, 1887, for
it is quite manifest such sale could have no effect on the lien
in favor of the State for taxes, or on a title made in the due
enforcement of that lien.   In truth, it is conclusive of the
whole question, to say that the General Assembly did not
create a lien for State taxes by the act of 1887, and certainly
no lien for municipal taxes could be implied by the reference
made to that act in the Mount Pleasant charter.   The plain-
tiff claimed as a purchaser from the sheriff at a sale made by
that officer in enforcement of the State's first lien for taxes.
His title is referred to this lien, and, if otherwise good, it
could not be defeated by a tax sale made by the intendant of
Mount Pleasant to enforce collection of municipal taxes
assessed against the property in the name of the same owner.
This disposes of the third, fourth, fifth, sixth, eighth,
eleventh, twelfth, thirteenth, fourteenth and fifteenth excep-
tions, all of which relate to the error of the Circuit Judge in
not charging in accordance with the principles above stated.

In view of this conclusion, it is unnecessary to pass upon the seventeenth exception, which draws in question the constitutionality of the act of 1898 amending the Mount Pleasant charter. For, under the case presented to this Court, if the plaintiff proves at the next trial a legal sale under which he acquired a tax title, it cannot be defeated by the sale for municipal taxes; and if he fails to establish a valid sale for State taxes, he will not be able to recover, even regarding the municipal sale for taxes absolutely void. He must recover on the strength of his own title, not on the weakness of the defendant's.

The Circuit Judge was in error in leaving it to the jury to say whether the deed made by the sheriff to plaintiff was in evidence, and the first exception is sustained.

The second, seventh, tenth and sixteenth exceptions all relate to alleged errors in the charge in submitting to the jury the construction and import of deeds and other documents introduced in evidence. As the case is to go back for a new trial, any detailed analysis or discussion of the charge in this regard would be of no value. It is sufficient to say, it is the province and duty of the Judge to instruct the jury as to the construction and nature of written instruments. *Russell* v. *Arthur,* 17 S. C., 480; *Asbill* v. *Asbill,* 24 S. C., 359; *Coates* v. *Early,* 46 S. C., 220, 24 S. E., 305; *Burwell* v. *Chapman,* 59 S. C., 591, 38 S. E., 222. Some portions of the charge, it seems to us, must have produced the impression that the construction and import of the tax deeds and other papers might be passed on by the jury.

The instruction referred to in the ninth exception, as to the duty of the plaintiff as mortgagee to look out for taxes and pay them, was erroneous, because it was entirely inapplicable to the case, and tended to mislead the jury as to the real issue. The plaintiff's mortgage had been merged in the title made to him by the sheriff, and he was not a mortgagee when the town undertook to enforce the collection of its taxes. He was not asserting against the

Mount Pleasant tax sale a title acquired under his mortgage, but under a sale for the enforcement of the State's lien for taxes. The fact that he held a mortgage on the lot may have been, as he said, an inducement to purchase, but it had no connection whatever with the source or strength of his title.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and a new trial ordered.

*Submitted on printed Briefs.—R.*