### 8347

### CRAIG v. AUGUSTA-AIKEN RAILWAY CO.

1. CARRIER—ELECTRIC RAILWAYS—ISSUES.—Due care is required of those in charge of electric cars to prevent injury to one on its tracks in a helpless condition. What due care requires is for the jury.
2. EVIDENCE.—PHOTOGRAPHS and diagrams of places that have changed since an accident may be introduced in evidence, allowance being made for the changes.
3. CHARGE—WEALTH.—There being no evidence as to the wealth of a defendant in a tort case, it is error to charge that its wealth may be taken into consideration in awarding damages.
4. CARRIER—CONTRIBUTORY NEGLIGENCE.—Even if a defendant carrier was negligent in not keeping a proper lookout, the recovery should not be had for injury to one lying on the track in a drunken, helpless condition, which was the proximate cause of the injury as this constituted contributory negliegnce.

Before SHIPP, J., Aiken, Fall term, 1911.    Reversed.

Action by M. C. Craig against Augusta-Aiken Railway Company. Defendant appeals on the following exceptions:

1. "The presiding Judge erred in charging the jury as follows: 'It is the duty of the railroad company to look out for people on its track and if the company discovers a per-

4—93

son on its track, it is the duty of the people in charge of that car, to use the highest degree of care, to use every available means in their power to stop the car to prevent the taking of human life, if they can do so without endangering other passengers on their car.' The error being that it is not the general duty of a railroad company to keep a lookout for people on its track. And the said charge placed a higher duty on the defendant after discovering a person on the track than the law requires, was misleading to the jury, harmful and prejudicial to the rights of the defendant.

2. "The presiding Judge erred in charging the jury: 'When a person is on the crossing they owe him the duty of ordinary care, and of course, that is a stronger term than wilfully not to injure him.' The error being that said charge placed upon the defendant a greater duty than was possible for it to perform, was misleading and confusing to the jury, and prejudicial to the defendant's rights.

3. "The presiding Judge erred in charging the plaintiff's third request, especially the following part thereof: 'But people lawfully upon a public highway at a railway crossing are not trespassers, even though they are lying down thereon, in a helpless, drunk condition, and the railroad under these circumstances, would be bound to exercise greater care to such person than if he were a bald trespasser.' The error being that a person under such circumstances would be a trespasser and the defendant would owe him no duty except not to wilfully injure him after discovering him in that position. Furthermore said request was a charge on the facts in that it instructed the jury what facts would not constitute a trespasser, contrary to the provision of the Constitution which inhibits the presiding Judge from charging on the facts.

4. "The presiding Judge erred in charging plaintiff's fourth request, especially that portion thereof which charges that if the motorman 'sees or could have seen an object on the track that, from all appearances, may be a human being,

unable to avoid danger, it is his duty to resolve all doubts in favor of the preservation of life, and to immediately use every available means, short of imperiling the lives of his passengers, to stop the car in time to avoid the injury.' The error being that said charge was a charge on the facts, contrary to the provision of the Constitution which inhibits the presiding Judge from charging on the facts. And said charge was especially harmful because the undisputed proof showed that the plaintiff was down drunk, and asleep on defendant's track at the time he was injured.

5. "The presiding Judge erred in charging plantiff's 9th request, which was as follows: 'That it is true a drunken person could not be run over by a car unless he were on the track, yet the fact alone that a person is on a railway track at a public crossing in a drunken and helpless condition, need not necessarily be contributory negligence, nor will it necessarily defeat him from recovering damages for his injuries, for if that were the law, then no drunken person on a railway track could ever recover damages.; in such case the law does not bar the person from damages, even though his presence on the railway track in a helpless, drunken condition may be due to negligence on his part, for if the jury believe from the evidence that notwithstanding such person's condition, the defendant's motorman could have avoided the injury by keeping a reasonable lookout ahead on the track, but failed to do so, then if such failure to perform his duty formed the main or proximate cause of the injury, without which it could not have happened, you should find a verdict in favor of the plaintiff.' The error being that said request was a charge on the facts, in that it instructed the jury that certain facts would not necessarily constitute contributory negligence, when this was a question of fact entirely for the jury. Furthermore, the said request instructed the jury that even if plaintiff's presence on the track in a drunken, helpless condition was due to his own negligence, they should still find a verdict for

plaintiff if the defendant's negligence formed the main or proximate cause of the injury. Such charge completely destroyed defendant's defense of contributory negligence and was error.

6. "The presiding Judge erred in charging plaintiff's 10th request, especially so much thereof as charged the jury that if plaintiff was entitled to recover they could compensate him for the damages sustained 'both present and prospective,' and that they could give him such damages 'as would equal the difference between what the plaintiff could earn before the injury and what he now earns after the injury over a length of time equal to what you may expect him to live, according to the mortuary table.' And in charging the jury that 'if they found that the plaintiff was entitled to punitive damages in arriving at the amount of the verdict you have the right to take into consideration the proven wealth of the defendant.' The error being that said charge instructed the jury:

"(1) That they could enter the field of conjecture and award speculative and uncertain damages.

"(2) That said charge was a charge on the facts in that it instructed the jury that they could compute the length of plaintiff's life merely from the time they expected him to live according to the mortuary table, when that table is only so much evidence to be considered in arriving at the length of time plaintiff would live, and thereby instructed the jury that they could enter the field of conjecture in arriving at plaintiff's damage.

"(3) Because as there was not a scintilla of evidence tending to show the wealth of the defendant it was error to charge the jury that they could take into consideration the proven wealth of the defendant in forming their verdict if they found plaintiff entitled to punitive damages.

7. "The presiding Judge erred while commenting on defendant's first request, in charging the jury: 'Or if his (the plaintiff's) injuries were the result of his own careless-

ness he could not recover, unless he shows that his injuries were caused by the negligence of the defendant.' The error being that if plaintiff's injuries were caused by his own carelessness he could not recover by showing that they were caused by the negligence of the defendant, because in such case his own contributory negligence would defeat his recovery.

8. "The presiding Judge erred in refusing to charge defendant's 6th request: The error being that as the testimony was not only conflicting, but practically conclusive that the location where plaintiff was injured and the surroundings thereof had been changed at the time the photographs and map offered in evidence were made, and were entirely different from what they were when the injury occurred, the said request stated a sound proposition of law which defendant was entitled to have charged to the jury.

9. "The presiding Judge erred in charging the jury on the subject of 'notice' at the verbal requests of plaintiff's council, as follows: 'Mr. Foreman, if a motorman on a car has notice that a person is on the track, it is the duty of the motorman to watch out for him, it is his duty to exercise care when he is notified that a person might be expected to be upon the crossing. Now if he simply neglects his duty inadvertently, that would be a case of ordinary negligence, to which contributory negligence, if proved, would be a defense, but if his duty is called to his attention, then he fails to do his duty and injures some one, causes an injury to some one, you have a case of wilfulness, to which contributory negligence would not be a defense.' The error being:

"(1) That as there was no evidence that notice was given the motorman that the plaintiff or any other person 'might be expected to be on the crossing' where plaintiff was injured or any other crossing, such charge was misleading, not applicable to the evidence and the law, and was prejudicial to the rights of the defendant.

"(2) That as there was no evidence that the motorman's attention was called to his duty, such charge was misleading, not applicable to the law and evidence of the case, and prejudicial to the rights of the defendant.

"(3) The said charge was a charge on the facts contrary to the provision of the Constitution which prohibits the presiding Judge from charging on the facts, in that said charge instructed the jury in effect that if the motorman received the notice testified to in the record, and then failed to look out for the plaintiff, you have a case of wilfulness. Such charge stated to the jury that such facts would constitute wilfulness, when this was a question entirely for the jury.

"(4) That even if the motorman was told by the crew on the car going to Augusta, to look out for a man put off the car, and he failed to do so, this would not amount to 'a case of wilfulness,' and it was harmful error to so instruct the jury. After such charge the jury was bound to find a verdict for plaintiff."

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. B. Salley,* for appellants, cite: *Was plaintiff a trespasser?* 23 S. C. 531; 57 S. C. 243; 63 S. C. 46; 43 S. E. R. 19; 2 Thomp., sec. 1374-87, 1790, 1792, 1909; 9 So. 459; 13 So. 75; 28 So. 45; 4 N. W. R. 606; 16 S. E. 790; 38 S. C. 1. *Rules of determining contributory negligence:* 90 S. C. 423; 71 S. C. 62; 56 S. C. 94; 61 S. C. 565. *Measure of damages:* 75 S. C. 104; 87 S. C. 330; 62 S. C. 336; 78 S. C. 364. *Photographs after change as evidence:* Green, sec. 13c, 14s, 14t, 439; 25 S. E. 388; 1 Wig., secs. 437, 492; 57 S. C. 448; 69 S. C. 101; 27 S. E. 96; 89 S. C. 283; 73 N. E. 865; 11 So. 611.

*Messrs. Croft & Croft,* contra, cite: *Railway should avoid injuring one on track:* 30 A. S. R. 53; 45 A. & E. Cas. 107; 2 Wood 1460; 2 Thomp., secs. 1735, 1738. *One on*

*railway track at a crossing is not a trespasser:* 89 S. C. 161;
70 S. C. 183; 61 S. C. 556; Thomp., secs. 1691, 1489, 1464;
57 S. C. 254.    *Voluntary drunkenness does not usually con-
stitute negligence:* Thomp., sec. 340; Beach, sec. 389, 390.

October 26, 1912.    The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.    The pleadings and issues involved
in this cause are set out in the opinion of the Chief Justice
in the former appeal, 89 S. C. 161.    It is enough to say
here that plaintiff became a passenger on defendant's car at
Augusta intending to get off at Langley, that on account of ·
his drunkenness and outrageous behavior defendant's
agents ejected him from the car, and that sometime after-
wards he was run over and injured by another car going
in the opposite direction.    The allegations upon which plain-
tiff based his charge of actionable negligence and wilfulness
were: (1) Shoving the plaintiff from the car with great
violence; (2) Leaving the plaintiff in a helpless condition
on or so near the track that defendant's servants knew or
should have known that he was in great danger of being run
over by other cars: (3) The failure of the servants of
defendant in charge of the car which ran over plaintiff to
keep a sufficiently vigilant lookout after they had been
warned that he might be on the track.    The defenses were:
(1) A general denial of the acts of negligence and wilful-
ness charged in the complaint; (2) The allegation that the
plaintiff as a passenger so threatened the agents of the
defendant with a knife and used such profanity and behaved
so violently to the terror and vexation of the other pas-
sengers that the agents of the defendant ejected him, using
only such force as was necessary: (3) Negligence of the
plaintiff in lying down on the track in an intoxicated con-
dition as the sole cause of his injury; (4) Contributory neg-
ligence in lying down on the track while intoxicated.    On

the trial of the issues thus made, the jury found a verdict against the defendant for $500.

The exceptions assign numerous errors in the charge to the jury. The requests were numerous and intricate—so numerous and intricate that possibly they seem to the jury to obscure rather than elucidate the issues.

There was error in charging that it is the duty of persons in control of a car, when they discern a person on the track, "to use the highest degree of care, to use every available means in their power to stop the car to prevent the taking of human life, if they can do so without endangering other passengers on their car." Due care, not the highest degree of care, is required under such circumstances. *Sentell* v. *So. Ry.*, 70 S. C. 183, 49 S. E. 215. Whether due care requires the doing of everything short of injuring the passengers to prevent injury to the person on the track depends upon the circumstances and is a question of fact for the jury.

It is true, as urged by defendant's counsel, that it is for the jury to say what due care requires of a motorman who has notice "that a person might be expected to be on the crossing," but it is so clearly his duty under such circumstances to look out for such person that the charge to that effect cannot be regarded prejudicial error.

As a matter of law, it cannot be said that photographs and diagrams of the place of the accident were not admissible and could not be considered because there had been changes since they were taken. If the changes were not so great as to make the photographs and diagrams entirely misleading, they could be properly introduced, allowance being made for the changes. The exception on this point is not well taken.

The measure of damages and the items to be considered in estimating them were stated by the Circuit Judge in accordance with the law as laid down in numerous cases.

There was no evidence of the wealth of the defendant, therefore the charge that it might be taken into consideration in awarding punitive damages was erroneous. But the error could not be material since it is very clear that the verdict for $500, for the loss of an arm, did not include punitive damages.

There was prejudicial error in the ninth request to charge which was given to the jury, especially that part italicized below, in that it specifically directed the jury that if a particular act of omission—the failure to keep a lookout—was the main or proximate cause of the injury, without which it would not have happened, the plaintiff could, nevertheless, recover, although it should be found that the plaintiff's being on the track in a helpless, drunken condition was negligence on his part. "That it is true a drunken person could not be run over by a car unless he were on the track, yet the fact alone that a person is on a railway track at a public crossing in a drunken and helpless condition, need not necessarily be contributory negligence, nor will it necessarily defeat him from recovering damages for his injuries, for if that were the law, then no drunken person on a railroad track could ever recover damages; *in such cases the law does not bar the person from damages even though his presence on the railway track in a helpless, drunken condition may be due to negligence on his part, for if the jury believe from the evidence that notwithstanding such person's condition, the defendant's motorman could have avoided the injury by keeping a reasonable lookout ahead on the track, but failed to do so, then if such failure to perform his duty formed the main or proximate cause of the injury, without which it could not have happened, you should find a verdict in favor of the plaintiff.*" It is true that the Circuit Judge in charging this request and in other portions of the charge stated the general law of contributory negligence; but that by no means cured the error of selecting a particular alleged omission of the defendant in

failing to keep a lookout, and saying to the jury that if the defendant was negligent in that particular, and that was the proximate or main cause of the injury, the plaintiff could recover, although they should find to be negligent a particular act of the plaintiff—being drunk and helpless on the track. Even if the defendant was negligent in not keeping a proper lookout, the plaintiff could not recover if his being on the railroad track in a drunk and helpless condition was a proximate cause of his injury and was due to his own negligence. The error of charging to the contrary was manifestly highly prejudicial. The other points discussed in the argument do not require particular discussion since the views of the members of the Court have been recently stated in the cases of *Carter* v. *Ry.* and *Wilson* v. *Ry.*

I think the judgment should be reversed.

Mr. JUSTICE HYDRICK *concurs.*

MR. JUSTICE FRASER *concurs in the result.*

MR. JUSTICE WATTS *disqualified.*

MR. CHIEF JUSTICE GARY, *dissenting.* This is the second appeal herein, the first being reported in 89 S. C. 161.

For convenience, we reproduce the statement then made by the Court, which was as follows:

"This is an action for actual and punitive damages, alleged to have been sustained by the plaintiff, through the negligence and wantonness of the defendant.

"The complaint alleges that on 22d of September, 1906, the plaintiff became a passenger on the defendant's car at Augusta, Ga., for the purpose of being carried to Langley, S. C.; that soon after the car had started, the plaintiff became so incapacitated as to be utterly helpless, and was forcibly ejected and left in a dangerous place by the defendant; that the defendant warned its servants to look out for

the plaintiff, while operating its other cars over said track, but that they negligently and wantonly failed to keep a proper lookout for the plaintiff, in consequence of which one of its cars ran over his arm, thereby rendering amputation necessary.

"The defendant denied the allegations of negligence and wantonness, and for a defense alleged:

" 'That, at the time mentioned in the amended complaint, plaintiff was a passenger on a car of the defendant's railroad in Aiken county, South Carolina, and being guilty of disorderly conduct, and, drawing a knife and therewith threatening the agents of defendant, and cursing, to the terror, annoyance and vexation of a large number of other passengers on said car, the conductor of said car stopped his train, where such offense was committed, and ejected said plaintiff from said car, using only such force as was necessary to accomplish such removal.'

"The defendant also set up the defense of contributory negligence."

The jury rendered a verdict in favor of the plaintiff for $500, and the defendant appealed upon exceptions, which will be reported.

The exceptions will be considered in regular order.

*First Exception.* There are three reasons why so much of the exception cannot be sustained as assigns error on the part of his Honor, the presiding Judge, in charging the jury, that it is not the general duty of a railroad company to keep a lookout for people on its track.

1. Because the language of the presiding Judge, forms only part of a sentence, and when considered in connection with the entire sentence, and the other portions of the charge, it will be seen that it is free from error.

2. Because a similar ruling as applied to the facts of this case, was made upon the former appeal and is *res adjudicata. Jones* v. *Ry.,* 65 S. C. 410, 43 S. E. 884.

The case of *Butler* v. *Ry.*, 90 S. C. 273, shows that such was the ruling of this Court, upon the former appeal herein, for it says: "It was held in *Craig* v. *Ry.*, 89 S. C. 161, that it is the duty of a railway company to keep a lookout for persons and pedestrians on its track at a railway crossing."

3. Because the defendant recognized this principle, when his fourth request was charged, which began as follows: "The jury is further charged, that while it is the duty of a motorman to exercise ordinary care, to keep a reasonable lookout for persons on the railroad track, on a public crossing, etc."

The remainder of the charge set out in the exception merely states a well recognized rule of conduct, both in the civil and criminal law. Furthermore, there is nothing in this part of the charge, upon which the assignment of error can be properly predicated.

*Second Exception.* In the first place, this instruction when considered, as it must be, in connection with the entire charge, is free from error. And, in the second place, even if erroneous, it was not prejudicial.

*Third Exception.* The exception contains only a portion of plaintiff's third request, which was charged by the presiding Judge; and when considered in connection with the entire request, it is free from error.

*Fourth Exception.* The language of the presiding Judge in the exception, is only a part of plaintiff's fourth request, which was charged with modifications. When it is considered together with the entire request and the modifications, it is free from error.

*Fifth Exception.* The presiding Judge modified the request, and when the language thereof is considered in connection with the modification and the general charge, it is free from error.

*Sixth Exception.* There was a lengthy modification of the request, and when the charge is considered in its entirety there is no error.

*Seventh Exception.* When the charge as a whole is taken into consideration, it will be seen that the exception cannot be sustained.

*Eighth Exception.* The appellant has failed to show that even if there was error, it was prejudicial.

*Ninth Exception.* The appellant has failed to show that even if there was error, it was reversible.

For these reasons I dissent.